UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARTIN P. SMART,

                         Plaintiff,

         v.

NEW YORK STATE DEPARTMENT OF
 CORRECTIONS,

                        Defendant.
_____

**DECISION
and
ORDER**

**02-CV-836F
(consent)**

APPEARANCES:       RICHARD H. WYSSLING, ESQ.
                        Attorney for Plaintiff
                        375 Linwood Avenue
                        Buffalo, New York 14209

                        ANDREW M. CUOMO
                        Attorney General, State of New York
                        Attorney for Defendant
                        DARREN LONGO
                        Assistant Attorney General, of Counsel
                        107 Delaware Avenue
                        4th Floor
                        Buffalo, New York 14202

## <u>JURISDICTION</u>

On April 7, 2003, the parties to this action consented to proceed before the

undersigned.  The matter is presently before the court on Plaintiff's motion (Doc. No.

31), filed August 13, 2007, seeking either an order enforcing a stipulation of settlement

or, alternatively, an order vacating said stipulation and restoring the case to the trial

calendar.

## BACKGROUND and FACTS[1]

On November 25, 2002, Plaintiff Martin P. Smart ("Plaintiff" or "Smart"), then

proceeding *pro se*, commenced this employment discrimination action alleging that in

December 1999, Defendant New York State Department of Corrections ("Defendant" or

"DOCS"), failed to reinstate Plaintiff to his former corrections officer position from which

Plaintiff had resigned four months earlier, in violation of DOCS's policy allowing for

former employees to be reinstated to prior positions held within one year of resignation.

A Notice of Appearance by Richard H. Wyssling, Esq. ("Wyssling"), on Smart's behalf

was filed on January 22, 2004 (Doc. No. 15).  Plaintiff had worked for DOCS from 1982

until 1999 when Plaintiff voluntarily resigned to pursue other employment, and then

sought reinstatement with DOCS four months later when the new employment position

did not work out.

A Stipulation of Settlement and Order filed October 10, 2006 (Doc. No. 30)

("Settlement Stipulation"), provides for Plaintiff's reinstatement to his former

employment with DOCS, subject to certain conditions, including, as relevant, that

5.  Plaintiff's reinstatement will be without back pay, damages or attorney's fees and must be consistent with all the terms of the collective bargaining agreement and Civil Service law and rules.
6.  Plaintiff must undergo a satisfactory medical exam, a background check, and psychological screening.
7.  Reinstatement will be to the first available training academy class which plaintiff must successfully complete.
8.  Plaintiff will need to serve a 52 week probationary period.
9.  Plaintiff will be reinstated without contract seniority.
10. Plaintiff's pay will be that of an entry level trainee until the date when Civil Service has approved his permanent status.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Settlement Stipulation ¶¶ 5-10.  With the filing of the Settlement Stipulation on October 10, 2006, the case was closed.

On August 13, 2007, Plaintiff filed the instant motion (Doc. No. 31) ("Plaintiff' motion"), seeking an order pursuant to Fed. R. Civ. P. 65 enforcing the Settlement Stipulation or, alternatively, an order pursuant to Fed. R. Civ. P. 60(b) vacating the Settlement Stipulation and restoring the matter to the court's trial calendar.  The motion is supported by the attached Attorney's Affirmation of Richard H. Wyssling, Esq., in Support of Motion ("Wyssling Affirmation"), and Exhibits A through F ("Plaintiff's Exh(s). __"), and a separately filed Memorandum of Law in Support of Motion (Doc. No. 32). Plaintiff explain in support of his motion that after the Settlement Stipulation was filed on October 10, 2006, Plaintiff underwent the medical examination, background check and psychological screening, as required by ¶ 6 of the Settlement Stipulation, and provided the results of such examinations to DOCS, however, he contacted Mr. Wyssling in April or May 2007 when DOCS failed to appoint Plaintiff to a training academy class.  Wyssling Affirmation ¶¶ 9-10.  Wyssling contacted Assistant Attorney General Darren Longo ("Longo"), to inquire as to why DOCS had failed to appoint Plaintiff to a training academy class, and Longo advised that Plaintiff was not entitled to reinstatement because Plaintiff was not, when originally hired by DOCS in 1982, had falsely claimed to be a United States citizen.  Wyssling Affirmation ¶¶ 10-11; Plaintiff's Exh. A.  Plaintiff, however, has submitted evidence establishing he disclosed the fact that he was not a citizen to DOCS in 1982, and also that he became a naturalized United States citizen in 1997.  Plaintiff's Exhs. B and D.

The parties filed a series of declarations and legal memorandum regarding

Plaintiff's entitlement to reinstatement, including the Declaration of Daniel Martuscello (Doc. No. 35) ("Martuscello Declaration"), filed November 7, 2007, the Declaration of Assistant Attorney General Darren Longo (Doc. No. 36) ("Longo Declaration"), filed November 7, 2007, the Declaration of Richard H. Wyssling, Esq. (Doc. No. 37) ("Wyssling Declaration"), filed November 8, 2007, and the Declaration of Assistant Attorney General Darren Longo (Doc. No. 39) ("Second Longo Declaration"), filed December 13, 2007.  The thrust of Defendant's argument is that because New York Public Officers Law § 3-b prohibits the appointment of a non-citizen as a peace officer which New York Criminal Procedure Law § 2.10(25) defined as including corrections officers, New York Department of Civil Service ("the Division") and DOCS should not have approved Plaintiff's application for employment in 1982, rendering Plaintiff's hiring improper and a legal nullity, and making Plaintiff's reinstatement, as well as specific performance of the Settlement Stipulation, legally impossible under New York law. Martuscello Declaration ¶¶ 5-10; Longo Declaration ¶¶ 9-10, 14-16.  Plaintiff argues that because Plaintiff never attempted to conceal his status as a non-citizen, and was employed by DOCS for 15 years before Plaintiff was naturalized as a United State citizen, subsequent to which Plaintiff worked for DOCS for two additional years, Defendant has waived any objection to Plaintiff's reinstatement based on Plaintiff's having been mistakenly hired as a corrections officer in 1982 prior to becoming a United States citizen.  Wyssling Declaration ¶¶ 4-7.  Defendants countered that the determination that Plaintiff was ineligible for reinstatement was made not by DOCS, but by the Division, which is neither a party to this action nor represented by Longo. Second Longo Declaration ¶¶ 9-16.

4

Oral argument was held on December 20, 2007, during which Plaintiff argued, for the first time, that he was entitled to receive the salary he would have received had he been reinstated with the first available training academy class after the Settlement Stipulation was filed, or to January 1, 2007.  Following the oral argument, the court ordered the Division show cause why the court should not enforce the Settlement Stipulation, including Plaintiff's request for salary *nunc pro tunc*.  December 20, 2007 Minute Entry (Doc. No. 40).  Accordingly, on January 16, 2008, Defendant filed the Declaration of Assistant Attorney General Longo (Doc. No. 41) ("Third Longo Declaration"), in which Longo explains that he spoke with counsel for the Division, who advised the Division did not oppose Plaintiff's reinstatement.  Third Longo Declaration ¶¶ 13-16.  Accordingly, Longo and DOCS determined that Plaintiff would be accepted into the new DOCS Academy training class which was scheduled to open on January 28, 2008.  *Id*. ¶ 17.  Defendant also requested the court refrain from ruling on Plaintiff's request for salary *nunc pro tunc* to allow Longo time to discuss the issue with Plaintiff's attorney.  *Id*. ¶¶ 24-26.  By Order filed February 13, 2008 (Doc. No. 43), Plaintiff's were given until March 12, 2008 to file a memorandum of law on the back pay issue, Defendant's response was due by April 11, 2008, and any reply was to be filed by April 22, 2008.

On March 17, 2008, Plaintiff filed a Memorandum of Law in Support of Award of Back Pay (Doc. No. 44) ("Plaintiff's Memorandum"), in which Plaintiff stated that after presenting proof of a successful physical examination, Plaintiff was admitted to the DOCS academy training class that commenced in January 2008.  Plaintiff's Memorandum at 3.  As such, Plaintiff was seeking only retroactive pay to January 2007,

*i.e.*, when Plaintiff originally fulfilled all obligations for reinstatement pursuant to the Settlement Stipulation.  *Id.*

On April 11, 2008, Defendant filed the Declaration of Warren Agostinoni (Doc. No. 45) ("Agostinoni Declaration"), the Declaration of Daniel P. Martuscello, III (Doc. No. 46) ("Second Martuscello Declaration"), and a Memorandum of Law in Opposition to Plaintiff's Motion for Back Pay (Doc. No. 47) ("Defendant's Memorandum").  In these papers, Defendant explain that on January 31, 2008, three days after being admitted to the January 28, 2008 DOCS academy training class, Plaintiff left the academy after sustaining an injury for which Plaintiff has filed a workmen's compensation claim. Second Martuscello Declaration ¶¶ 16-17; Defendant's Memorandum at 6.  Plaintiff was not medically cleared to return to the academy until March 1, 2008, and, as of April 11, 2008, Plaintiff was on leave from the academy, without pay, awaiting the starting date of the next DOCS academy training class.  Second Martuscello Declaration ¶¶ 18-19; Defendant's Memorandum at 6.  Further oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion is DISMISSED as moot insofar as it seeks enforcement of the Settlement Stipulation or, alternatively, reinstating the case to the trial calendar, and is GRANTED insofar as it seeks an award of Plaintiff's salary *nunc pro tunc*.


## DISCUSSION

As stated, Plaintiff's motion seeks a court order directing Defendant to comply with the Settlement Stipulation or, alternatively, reinstating the case to the trial calendar. However, Plaintiff's averment that he has since been admitted to the DOCS training

academy class, Plaintiff's Memorandum at 3, moots Plaintiff's motion insofar as Plaintiff seeks a court order directing enforcement of the Settlement Stipulation or, alternatively, reinstatement of the action to the trial calendar. Nevertheless, Plaintiff's request for retroactive pay to January 2007, when Plaintiff originally fulfilled all obligations for reinstatement pursuant to the Settlement Stipulation, remains before the court. Defendant opposes this request for four reasons, including (1) by executing the Settlement Stipulation, Plaintiff waived his right to claim retroactive pay; (2) retroactive pay is available only to compensate a plaintiff for loss suffered as a result of discriminatory treatment which Plaintiff does not claim to have experienced since entering DOCS academy training class in January 2008; (3) any award of retroactive pay would be based on pure speculation given that it is not clear how long Plaintiff would have continued in the academy training class, particularly in light of the injury Plaintiff sustained on January 31, 2008, three days after entering the class, and no one entering the academy is guaranteed to graduate or to graduate within a particular time; and (4) Plaintiff failed to make any attempt to mitigate his damages during the period for which he now seeks retroactive pay. Defendant's Memorandum at 5-7. There is no merit to any of these four arguments.

With regard to Defendant's first and second arguments, although the Settlement Stipulation does provide that "Plaintiff's reinstatement will be without back pay, damages or attorney's fees and must be consistent with all the terms of the collective bargaining agreement and Civil Service law and rules," Settlement Stipulation ¶ 5, the Settlement Stipulation also provides that upon Plaintiff's completion of a "satisfactory medical exam, a background check, and psychological screening," *id.* ¶ 6,

"[r]einstatement will be to the first available training academy class . . . ." *Id.* ¶ 7.  Here,

Plaintiff maintains, and Defendant does not dispute, that by the end of 2006, Plaintiff

had fulfilled the conditions to his reinstatement imposed by the Settlement Stipulation.

Plaintiff's Memorandum at 2.  As such, the Settlement Stipulation required Defendant to

reinstate Plaintiff to the first available training academy class, Settlement Stipulation ¶

7, which, according to Defendant, commenced on January 8, 2007.  Agostinoni

Declaration ¶ 2 (explaining that in 2007, DOCS offered 19 academy training classes,

the first of which began on "01/08/2007").

The record further establishes that Defendant's failure to reinstate Plaintiff to the

academy training class is attributable to Defendant's failure to confer with counsel for

the Division who, upon being advised of the issue, informed DOCS that the Division did

not oppose Plaintiff's reinstatement.  Third Longo Declaration ¶¶ 13-16.  Longo

specifically states that upon speaking with counsel for the Division and DOCS,

> 14.    The Division advised me [Longo] and DOCS that it has no objection to
>        plaintiff's reinstatement.
> 15.    It appears that, upon discovering that plaintiff had declared on his original
>        application for employment that he was not a U.S. citizen, DOCS made a
>        determination that the Division would not approve his [Plaintiff's]
>        reinstatement, and so plaintiff's reinstatement did not take place.
> 16.    The Division did not make any such determination, however, as the matter
>        was not presented to it.
> 17.    DOCS counsel, Division counsel, and I [Longo] determine that, there
>        being no impediment to plaintiff's reinstatement, he [Plaintiff] will be
>        offered a spot at the next DOCS Academy class, which opens on January
>        28, 2008, and that DOCS will provisionally appoint him pending the
>        Division's processing of his application to Civil Service.

Third Longo Declaration ¶¶ 14-17.

It thus is Defendant's failure to confer with the Division prior to January 2008 that

resulted in the failure to reinstate Plaintiff to the first DOCS academy training class

upon fulfilling all requirements set forth in the Settlement Stipulation by the end of 2006, *i.e.*, on January 8, 2007, thereby breaching the Settlement Stipulation.  As such, Plaintiff's present request for retroactive pay pertains not to the employment discrimination claim that is the subject of the Settlement Stipulation but, rather, to Defendant's breach of the Settlement Stipulation.  Accordingly, the agreement that "Plaintiff's reinstatement will be without back pay . . . ," Settlement Stipulation ¶ 5, pertains only to Plaintiff's employment discrimination claim, and does not waive the right to any retroactive pay based on DOCS breach of the Settlement Stipulation which occurred when DOCS failed to timely confer with the Division to permit Plaintiff to be admitted to the January 8, 2007 academy training class.  Furthermore, because the retroactive pay Plaintiff seeks pertains to a breach of contract, rather than to the original employment discrimination claim, such pay is not limited to that necessary to compensate Plaintiff for loss suffered as a result of discrimination.  Defendant's first two arguments are thus without merit.

As to Defendant's assertion that Plaintiff's claim for retroactive pay is too speculative, New York law, as applicable to this dispute, *see Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1986) (applying New York's substantive law of contracts to settlement agreements in federal courts),[2] provides for two types of compensatory damages for breach of contract claims, including general or direct damages and special or consequential damages.  *Vitol Trading S.A., Inc. v. SGS Control Services, Inc.*, 874 F.2d 76, 79 (2d Cir. 1989).  As explained by the Second

---

[2] The parties do not dispute that the Settlement Stipulation was made and is to be performed in New York.

Circuit,

> In an action for breach of contract, a plaintiff may seek two distinct categories of damages: (1) "general" or "market" damages; and (2) "special" or "consequential damages. A plaintiff is seeking general damages when he tries to recover the value of the very performance promised. General damages are sometimes called "market" damages because, when the promised performance is the delivery of goods, such damages are measured by the difference between the contract price and the market value of the goods at the time of the breach.

> "Special" or "consequential" damages, on the other hand, seek to compensate a plaintiff for additional losses (other than the value of the promised performance) that are incurred as a result of the defendant's breach. The type of consequential damages most often sought is lost operating profits of a business. However, lost profits are not the only kind of consequential damages. A defendant's breach of contract may also cause a plaintiff to lose an asset that was in its possession prior to the breach.

*Schonfeld v. Hilliard*, 218 F.3d 164, 175-76 (2d Cir. 2000) (citing 3 Dan B. Dobbs, *Dobbs Law of Remedies* §§ 12.2(3), 12.4, 12.4(1) and 12.4(4) (1993)) (internal quotation marks omitted.

In the instant case, Plaintiff's request for retroactive pay to January 2007 is a request for consequential damages.

Specifically, Defendant was required to reinstate Plaintiff "to the first available training academy class . . . ." Settlement Stipulation ¶ 7, which was the performance promised by Defendant in exchange for Plaintiff's fulfillment of the conditions set forth in the Settlement Stipulation. Defendant's breach of such obligation caused Plaintiff to suffer consequential damages in the form of lost wages, *i.e.*, compensation as a reinstated corrections officer commencing January 8, 2007.

The rule in New York with regard to breach of contract actions is that " a breaching party is liable for all direct and proximate damages which result from the breach." *Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc.*, 487 F.3d 89, 110 (2d Cir. 2007) (citing *Wakeman v. Wheeler & Wilson Mfg. Co.*, 4 N.E. 264, 266

(N.Y. 1886)).  The damages, however, "must be not merely speculative, possible, and imaginary, but they must be *reasonably certain* and such only as actually follow or may follow from the breach of the contract." *Id*. (emphasis in original).

While "certainty" as to the amount of damages is not an essential element of general damages in New York, it is an element of consequential damages.  *Tractebel Energy Marketing, Inc.*, 487 F.3d at 110.  As explained by the New York Court of Appeals, a party claiming consequential damages must prove the existence of the damages is reasonably certain, the damages were foreseeable and within the contemplation of both parties when the contract was made, and the amount of damages with reasonable certainty.  *Kenford Company, Inc. v. County of Erie*, 493 N.E.2d 234, 235 (N.Y. 1986).  Here, the record sufficiently establishes Plaintiff is entitled to consequential damages in the form of retroactive pay for the period January 8, 2007, the date of the first training academy class following Plaintiff's fulfillment of all obligations under the Settlement Stipulation, and January 28, 2008, the date Plaintiff was finally admitted to such class.

In particular, a plain reading of the Settlement Stipulation establishes that the parties intended that upon Plaintiff's fulfillment of certain conditions, which Plaintiff fulfilled by the end of 2006, Plaintiff would be reinstated to the first training academy class and, upon the Division's approval of Plaintiff's permanent status, Plaintiff's pay would "be reconfigured back to the step he [Plaintiff] was on when he resigned from his position" in August 1999.  Settlement Stipulation ¶¶ 4-13.  As discussed, Discussion, *supra*, at 8-9, Defendant has conceded that the failure to admit Plaintiff to the earlier training class is attributed to DOCS's failure to confer with the Division to ascertain,

specifically, whether the Division had any objection to Plaintiff's reinstatement, a fact erroneously presumed by Defendant.  This evidence is sufficient to permit the parties to calculate, with reasonable certainty, the amount of pay Plaintiff would have received for the period January 8, 2007 to January 28, 2008.

Nor is there any merit to Defendant's argument, Defendant's Memorandum at 6-7, that an award of retroactive pay would be too speculative because it is not certain to which of the 19 training classes DOCS offered in 2007 Plaintiff would have been admitted, nor that Plaintiff would have timely and successfully completed such class. Although Defendant submitted the Agostinoni Declaration explaining that DOCS offered 19 academy training classes in 2007 to establish that it would be mere "speculation" to assume that Plaintiff would have been admitted into the class that commenced on January 8, 2007, Defendant fails to explain why Plaintiff, who had complied with all the conditions set forth in the Settlement Stipulation by the end of 2006, would not have been admitted into the January 8, 2007 academy training class.  Moreover, the fact that three days after Plaintiff was admitted to the January 28, 2008 training class Plaintiff sustained an injury for which he filed a workmen's compensation claim, and therefore was placed on leave without pay, does not establish that Plaintiff would have sustained a similar injury had he been admitted to the January 8, 2007 training class.  Rather, Plaintiff's lengthy work record with DOCS indicates that Plaintiff was familiar with the work for which he was being trained and would likely successfully complete the class.

Finally, although Defendant asserts that Plaintiff has failed to submit any evidence establishing that Plaintiff has attempted to mitigate damages, as required for a retroactive pay award in an employment discrimination action, because Plaintiff's claims

for retroactive pay actually pertains to a breach of contract, the burden of proof is on

Defendant, rather than Plaintiff, to establish a failure to mitigate damages.  *See*

*Broadnax v. City of New Haven*, 415 F.3d 265, 269 (2d Cir. 2005) (observing that in

non-employment cases, "[w]here a claimant has a duty to mitigate damages, the

opposing party generally bears the burden of showing that the claimant did not take

reasonable measures to do so." (citing, *inter alia*, *Hamilton v. McPherson*, 28 N.Y. 72,

77 (N.Y. 1863) (stating in a contract case that "[t]he burden of proving that the damages

which have been sustained in such cases could have been prevented unquestionably

rests upon the party guilty of the breach of contract"))).  In the instant case, Defendant,

the party that breached the Settlement Stipulation, presents no evidence establishing

that Plaintiff failed to take any reasonable measures to mitigate damages, as is

Defendant's burden.

Accordingly, none of Defendant's arguments precludes an award of retroactive

pay for the period of January 8, 2007, the date the first DOCS academy training class

commenced subsequent to Plaintiff's completion of all conditions set forth in the

Settlement Stipulation,  to January 28, 2008, the date Plaintiff was actually admitted to

a DOCS academy training class.  Furthermore, under New York law, "interest is

normally recoverable as a matter of right in an action at law for breach of contract."

*Graham v. James*, 144 F.3d 229, 239 (2d Cir. 1998) (internal quotation omitted).  The

award of interest is a substantive issue governed by the law of the state governing the

underlying dispute, *Terwilliger v. Terwilliger*, 206 F.3d 240, 249 (2d Cir. 2000), here,

New York.  As relevant, N.Y. Civ. Prac. L. & R. § 5001(a)[3] provides that "[i]nterest shall

be recoverable upon a sum awarded because of a breach of performance of a contract

. . . ."  Such interest shall be computed from the earliest ascertainable date the cause of

action accrued, N.Y. Civ. Prac. L. & R. § 5001(b), continuing through the date of entry

of this decision, N.Y. Civ. Prac. L. & R. § 5002, until such money judgment is tendered,

N.Y. Civ. Prac. L. & R. § 5003, at an annual rate of 9%, N.Y. Civ. Prac. L. & R. § 5004.

As such, Plaintiff is awarded retroactive pay for the period commencing January 8,

2007 to January 28, 2008, plus interest computed in accordance with N.Y. Civ. Prac. L.

& R. §§ 5001 - 5004.

---

[3] References to N.Y. Civ. Prac. L. & R. are to McKinney's 2007.

14

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 31) is DISMISSED as moot insofar as it seeks enforcement of the Settlement Stipulation or, alternatively, reinstating the case to the trial calendar, and is GRANTED insofar as it seeks an award of Plaintiff's salary for the period January 8, 2007 to January 28, 2008, plus interest computed pursuant to N.Y. Civ. Prac. L. & R. §§ 5001 - 5004.

Plaintiff is ORDERED to submit an affidavit setting forth the amount of retroactive pay to which Plaintiff maintains he is entitled for the period January 8, 2007 to January 28, 2008, by September 19, 2008.  Any response by Defendant shall be filed by September 26, 2008.  If Defendant wishes a hearing on this issue, it must request one in writing.  Otherwise, the court will make a finding of the amount due Plaintiff based on Plaintiff's affidavit, and enter judgment accordingly.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 10, 2008
            Buffalo, New York